In re. Koshkalda, Artem Koshkalda, Appellant in Pro Se, Appearance waived by Appley. Alright, good morning Mr. Koshkalda. Since we don't have any appearance by the Appley, you don't need to reserve any time, so please begin. Good morning, Your Honours. May it please the Court. So, it will be really hard for me to make arguments not the ones that were stated in the papers as you stated in the beginning, as you instructed in the beginning. However, I'll try to make a couple arguments which were not stated in the papers. And it is my understanding that right now, actually, usually, the Court's... The question here is whether the recent, the appealed court order found that I violated the amended pre-filing order. And usually, the bank report who issued that amended pre-filing order is the one who is best to know whether it is or is not. However, that amended pre-filing order was made or issued pursuant to the BAP's opinion in another appeal, reversing for amend. So, here is the interesting question for you to make a decision. And I think that the BAP is in the best position to make that decision. And it is my understanding that it involves only questions of law because the determination of the writing is the question of law determination of the order. Determination of law and there was no any hearings or oral arguments made which is not part of what you see. In other words, whatever you, judges, see is everything there is in the record. And which brings us to the question there. I can split the issues, two issues that... First, the Court did not find that I did not comply with the amended pre-filing order. Nothing, the order doesn't, the appeal order doesn't say that I failed to comply with something. The Court simply stated that it's an attempt to re-argue the argument, the previously rejected argument. And again, the same issue, how do I preserve the argument for appeal without repeating it? Because all those arguments and the orders by the Bankruptcy Court, they are interrupted, they remain non-final. So I cannot dispute it fully. And it remains disputable subject to the appeals after the finality of the orders. So I don't see any other way besides just continuing to repeat the argument even though it was previously rejected by the not final orders. And that was my intention. The second thing is that it is very strange and odd and I would really want, I'm looking forward to the opinion on this issue. That for the arguments in the motions of positions leading to the interoperative orders, I was prohibited to make arguments in the final orders. I'm sorry, in the final applications for the fee determination. And basically final, final, final applications. Because it seems odd, it unnecessarily creates the situation where I would just need to file appeal. And I think every party in the same shoes would do the same. And the whole, the whole, the whole, the crux of the, of the, of my arguments and my actually claims against the trustee can be simply resolved by a simple full compliance by the trustee and the trustee's professional, Fox Rothschild LLP. Even though just simply provide, make the disclosure that which they were supposed to make at the time they were seeking employment. And as far as I understand, the duty is continuous, meaning that it doesn't end at the date. Okay, so they were let in, they were allowed to represent and that's it. So the duty to disclose is continuous and regardless of the court order. Of course, I can challenge that at the time whenever all orders will be final. However, as this, as, as you want to see, there were final orders, final applications submitted. And once I filed my request to file oppositions, they were withdrawn. And unfortunately, the trustee and the Fox Rothschild, they have the keys to my right to appeal. And right now it has been five years with no resolution. And it is my anticipation that there should be some kind of maximum of the time when they, when the trustee has to close the case. Because the statute just says it has to be closed expeditiously as possible. Basically, you are one of the duties, but it doesn't specify the limit. For example, in California defendants, they have a five-year limit where the defense has the right for the decision in one way or another within five years. But in bankruptcy here, so what are my options next to compel the full disclosure? First one, to wait until the trustee desires to close the bankruptcy estate, which I believe is against your interest. And in other words, I'm trying to make a point that there has to be some alternative way for me to bring this whole dispute to the end faster than when trustee decides to close the case. And I think that by filing, oh, actually my research revealed that there is only one instrument I have. It's just to commence an adversary proceeding against the trustee and the trustee's professionals and through the discovery to seek them to reveal all of their information about their connections with Epson, say Epson suppression in Epson, America. So if this court decides that, oh, and one more point, the fact that the court, after I filed notices of appeal, made a decision to not to treat them, issued another order not to treat their orders as final, I'm sorry, the applications as final, I think that the court didn't have the right to do so because it's directly affected by the filed notices of appeal already. And it should not bar the BAP to make a decision as the BAP says fit. And if the BAP does not issue the order, we'll have exactly the same issue in another three months, six months, two years, five years, whenever the bankruptcy trustee will decide to close the bankruptcy case. That's about it, Your Honors. If you have any questions, I have one more thing on the ship. It's not going to make any difference, but I'm still waiting for the right to appeal the BAP's order for reversing and remand, which was dismissed due to the bankruptcy court's inaction. And as far as my understanding, the Ninth Circuit stated that even though the BAP did use a discretionary power and did grant the finality of that, I'm sorry, did take it under consideration and did issue the order, I cannot still appeal it to the Ninth Circuit. I'm talking about the one that was questioning the vexatious order. And I truly believe that that review of the full scope of the connection between Epson and Fox Rothschild will show that my arguments were never wrong, vexatious, or illogical or frivolous, let alone frivolous. Your Honors, if you have any questions. Any questions? We do not have any questions for you, Mr. Cascalda. Do you have anything else you want to add? No, nothing. I think I expressed everything in my paper. Unfortunately, the trustee is not here to answer the question when the bankruptcy case is planned to be closed. That's the only concern for me. If it would be closed, this would not be necessary at all, but it's going to continue. The only thing I would add, I see no choice but in another six months or maybe in a year to file another motion with the bankruptcy court and then to appeal it again here and to keep repeating that every six or one year. I'm not sure what would be the proper term just to get to the point that there has to be some limitation on the trustee or the bankruptcy court to bring the case to the end. Especially in light of the fact, important fact, that there is, as far as I know right now, it's less than $30,000 left in the estate after the professionals of the estate paid themselves over $1.1 million. In other words, it's almost nothing left. I would say nothing, $30,000 out of $1.34 million. There has to be a time when the appeals, it has to stop at some point. If five years is not it, six, seven, eight, that's it. Thank you very much. I'm going to submit it. Thank you very much. It will be submitted.
judges: BRAND, GAN, and CORBIT